UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MIGUEL RICO, | ) |
| | ) |
|        Plaintiff, | ) |
| v. | )   No.: 21-cv-1228-JBM |
| . HOWE and JOHN DOE, | ) |
| | ) |
|        Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action for failure to protect and deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### MATERIAL FACTS

Plaintiff states without preamble that on June 03, 2020, he was on suicide watch in the 1 Gallery South Mental Health Unit. When Plaintiff received his lunch tray, he found a sharp, needle-like metal object on the tray. Plaintiff informed Defendant John Doe who immediately notified Defendant Officer Howe. When Defendant Howe approached, Plaintiff showed him the

1

object and requested that a Crisis Team be called. Defendant Howe asked Plaintiff to pass him the tray. Plaintiff admittedly refused to return the tray until Defendant Howe had called the Crisis Team and Defendant Howe responded that he would not do that until Plaintiff had given him the tray. Plaintiff relented, handing over the tray but keeping the piece of metal. Despite the agreement, Defendant Howe refused to call the Crisis Team and began to walk away, allegedly recommending that Plaintiff use the metal object to kill himself. Plaintiff claims that he began cutting his wrist in front of the two Defendants who allegedly told Plaintiff that they did not "give a fuck" whether he killed himself, and would not take any action until such time as they found him unresponsive.

Several minutes later, Plaintiff got the attention of a third officer, not named as a party. The officer contacted Defendant Howe who allegedly acted as if he had no prior knowledge of the situation. Defendant Howe returned to the cell, demanding that Plaintiff's hand over the metal object. Plaintiff acted as if he were complying, so he could take control of the chuckhole once it was opened. Plaintiff claims that he did this so that Defendants would have to call for a lieutenant and would have to get him medical attention. Defendant Howe struck a bargain with Plaintiff, wherein Plaintiff relinquished control of the chuckhole and Defendant returned Plaintiff's shoes to him. Plaintiff also surrendered the metal object and was taken to a nurse for valuation of the cut to his wrist.

Plaintiff was returned to his cell after the medical evaluation, apparently without receiving mental health intervention. Plaintiff alleges that Defendant Howe did not take his shoes after returning Plaintiff to the cell and, later that day, Plaintiff used one of the shoelaces to hang himself. Plaintiff alleges that Defendants Howe and John Doe failed to protect him when they walked away, knowing Plaintiff was suicidal and in possession of a sharp object. He also alleges

that the Defendants were deliberately indifferent to his serious medical need in refusing to call a Crisis Team. Plaintiff alleges the additional claim against Defendant Howe that Defendant failed to protect him when he allowed Plaintiff to possess the shoelaces which he later used to harm himself. Plaintiff requests nominal, compensatory and punitive damages.

## ANALYSIS

In a failure to protect claim, a plaintiff must show both an objective risk of danger and actual knowledge of that risk on the part of Defendants. *Henderson v. Sheahan*, 196 F.3d 839, 844-45 & n.2 (7th Cir. 1999). It is not enough to make general claims as a plaintiff must articulate a "specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991*)*. Here, Plaintiff alleges a very specific threat, as he threatened and engaged in self-harm by cutting himself with the piece of metal, and therefore articulates a failure to protect claim against Defendants Howe and John Doe. Plaintiff also states a failure to protect claim against Defendant Howe who returned the shoelaces to him, knowing that Plaintiff was suicidal and could use them to harm himself.

As to the deliberate indifference claim, it is well established that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment. *Snipes v DeTella*, 95 F3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104 (1976). A Plaintiff alleging deliberate indifference to a serious medical need must show that the defendant knew of the serious medical need and disregarded it. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir 1998) (internal citation omitted). Here, Plaintiff sufficiently alleges that Defendants Howe and John Doe were deliberately indifferent to his serious mental health needs when they failed to call a Crisis Team or otherwise provide mental health intervention.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the failure to protect and deliberate indifference claims against Defendants Howe and John Doe as identified herein. Plaintiff is placed on notice that it will be his responsibility, through initial disclosures and discovery, to identify the John Doe as an unidentified individual may not be served with process. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send an identified Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

4. Defendant shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

5. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND,

3) ENTER THE STANDARD QUALIFIED PROTECTIVE ORDER PURSUANT TO THE HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).


12/16/2021  
ENTERED

s/Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE