IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MIGUEL RICO,
     Plaintiff,

v.

                                    Case No. 1:21-cv-01228-JEH

JOHN HOWE, *et al.*,
     Defendants.

**Order**

     Plaintiff Miguel Rico, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to 1) a serious risk that he would harm himself, and 2) his medical needs due to self-harm, at Pontiac Correctional Center. (Doc. 6). The Court dismissed this action as a discovery sanction, Plaintiff appealed, and the Seventh Circuit reversed on the ground that the Court abused its discretion in denying Plaintiff's second motion to request counsel. The Seventh Circuit instructed:

> The district judge on remand will first consider the recruitment of counsel issue. After determining whether it is appropriate to recruit counsel, Howe may renew any motions and Rico can respond, either with or without counsel.

(Doc. 80) at 6.

**I**

     This Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… indigent civil

litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

## II

The Court earlier found Plaintiff had made a reasonable attempt to obtain counsel before asking the Court for help finding a lawyer, satisfying *Pruitt*'s first element. Text Order entered Feb. 17, 2022.

As to the second inquiry, Plaintiff asserts that he is being medicated against his will and that he cannot think because of this medication. *See, e.g., Rico v. Doe*, C.D. Ill. Case No. 1:24-cv-01068-JEH, Doc. 47. From Plaintiff's original request for help finding a lawyer, the Court knows that as of February 2022, Plaintiff had an eighth-grade education, English was not his primary language, and that he had difficulty reading and writing in English and received help with his litigation activities from bilingual inmates. (Doc. 12).

Considering the facts above, the Court finds that it is appropriate to search for counsel for Plaintiff.

## III

The Court will undertake a search for counsel for Plaintiff. This case is stayed for 90 days, during which the Pro Bono Coordinator will undertake a search for counsel. After the search for counsel concludes, the Court will lift the stay and set deadlines for Howe to renew any motions and for Plaintiff to respond.

**IT IS THEREFORE ORDERED:**

1)    The Pro Bono Coordinator is directed to undertake a search for counsel for Plaintiff.

2)    This action is stayed for 90 days to allow for the search for counsel. Clerk to set an internal deadline for 90 days to assess the status of the search for counsel.

*It is so ordered.*

Entered: July 17, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge