IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MIGUEL RICO,<br>     Plaintiff,<br><br>v.<br><br>JOHN HOWE, *et al.*,<br>     Defendants. | Case No. 1:21-cv-01228-JEH |

**Order**

    Plaintiff Miguel Rico, proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 alleging that Defendants were deliberately indifferent to 1) a serious risk that he would harm himself, and 2) his medical needs due to self-harm, at Pontiac Correctional Center. (Doc. 6). The Court dismissed this action as a discovery sanction, Plaintiff appealed, and the Seventh Circuit reversed on the ground that the Court abused its discretion in denying Plaintiff's second motion to request counsel. The Seventh Circuit instructed:

> The district judge on remand will first consider the recruitment of counsel issue. After determining whether it is appropriate to recruit counsel, Howe may renew any motions and Rico can respond, either with or without counsel.

(Doc. 80) at 6.

    On remand the Court considered Plaintiff's request for counsel and conditionally granted the request. The Court undertook a search for volunteer counsel that was ultimately unsuccessful, as discussed below.

**I**

    This Court does not possess the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653

1

(7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court.").

## II

The Court's Pro Bono Coordinator posted Plaintiff's request for counsel in this case on the Central District of Illinois's website as well as the Seventh Circuit's website. The Pro Bono Coordinator also directly contacted ten attorneys/law firms who are on the Court's *pro bono* attorney list in this area, and no one agreed or volunteered to represent Plaintiff. Unfortunately, this result is common.

The Pro Bono Coordinator also sent a request to the 1,550-plus attorneys who are members of the Seventh Circuit Bar Association asking for a volunteer to represent Plaintiff. No attorney agreed to represent Plaintiff. The Court notes the steps taken not to disparage the attorneys who could not represent Plaintiff, but to show the scope of its attempt to recruit counsel.[1]

Recruiting *pro bono* counsel in this District is difficult. The need for *pro bono* attorneys far exceeds the supply. *McCaa v. Hamilton*, 959 F.3d 842, 845 (7th Cir. 2020) ("District courts are thus inevitably in the business of rationing a limited supply of free lawyer time."). Although "[a]lmost everyone would benefit from having a lawyer, … there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *DeWitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014)(internal quotation omitted); *Mejia v. Pfister*, 2021 WL 647085, *4 (7th Cir. Feb. 19, 2021)("And, for its part, the district court found itself having to make a choice about how best to allocate scarce resources, for it remains the sad

---

[1] The Court thanks its volunteer counsel. The Court asks counsel to take cases frequently, and understands counsel volunteer their valuable time when their practice allows them to be available.

reality that there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.")(internal quotation omitted).

There are nearly 700 *pro se* prisoner cases pending in the Central District of Illinois at this time, with approximately five hundred new *pro se* prisoner cases filed each year. Nearly all *pro se* prisoners request the appointment of *pro bono* counsel several times throughout their cases. Also, many appointments stretch on for several years, reducing the number of attorneys willing to take on new cases each year.

An attorney's reluctance to volunteer is understandable. Prisoner civil rights cases can be a professional and a financial burden on the attorneys who regularly practice in this Court. Most firms in the Central District are small firms. Losing an attorney for several weeks for trial preparation and trial is a burden not only financially but also on the whole firm's ability to represent its paying clients. Further, no statutory basis exists for compensating *pro bono* counsel for fees or expenses unless *pro bono* counsel wins the case, which is statistically quite rare. The Central District of Illinois provides reimbursement for up to $1,000 in out-of-pocket expenses, but that is typically a drop in the bucket compared to the full costs of taking and fully litigating a pro bono case.

Sometimes recruited counsel is rewarded for their efforts with a legal malpractice suit, a complaint letter being sent to the ARDC, or both. *McCaa*, 959 F.3d at 845 (agreeing with the district court that the decision to try to recruit counsel can and should be informed by the realities of recruiting counsel in the district); *Eagan*, 987 F.3d at 699-700 (Easterbrook, J. dissenting) (noting that legal assistance is not available in unlimited amounts, especially in the Central District of Illinois where the legal practices are small and where firms lack the resources generally required to accept these types of cases). The Court is not saying that Plaintiff here *would* take such actions against a *pro bono* attorney if Plaintiff did not

prevail, but the Court understands counsel's hesitancy to take on these cases based on these events occurring to them or their colleagues in other cases. Regardless of the reason, the Court has found no takers for this case.

### III

Although the Court tried to find volunteer counsel for Plaintiff, no attorney agreed to take the case. Plaintiff must represent himself going forward in this case. A district court is "not required to search for a volunteer lawyer indefinitely." *Austin v. Hansen*, 139 F.4th 604, 606 (7th Cir. 2025). The stay in this action is LIFTED. Defendant is allowed 21 days to renew any motions, as suggested by the Seventh Circuit. Plaintiff will be allowed 14 days thereafter to respond.

*It is so ordered.*

Entered: October 27, 2025

s/Jonathan E. Hawley
U.S. District Judge